[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION TO STRIKE
The motion to strike evidence concerning the defendant's interest in certain trusts is denied.
The issue before the court is the amount and duration of alimony, not the distribution of assets. Pertinent to this issue is the amount of income the defendant receives from whatever source.
The trusts in question are irrevocable, and in some the trustee has no discretion with respect to the distribution of the net income to the defendant. CT Page 6625
The cases cited by the defendant in support of the motion are Rubin v. Rubin, 204 Conn. 224 and Eslami v. Eslami,218 Conn. 801. Neither of these cases, in this court's opinion, is authority for the defendant's position. In the Rubin case, the issue is whether the plaintiff's interest in a revocable, inter vivos trust of which he was a residuary beneficiary should be considered as part of his estate. He was also one of two equal residuary legatees under a will executed by his mother who was still living.
The issue in the Eslami case was whether the wife's interest as a vested beneficiary of her father's estate (her father having died two and a half years previously) should be considered in fashioning an alimony award when the estate was in litigation and the amount of her interest, therefore, unknown.
The issue before this court is whether the defendant's interest in various trusts which are irrevocable and for which the trustees have paid income thereof to the defendant should be considered in determining his income for purposes of periodic alimony. Moreover, assuming arguendo that the defendant's position is correct and that the defendant's interest should not be considered in any way as a source of the defendant's income, the court would have to hear evidence of the nature of the trust and of his interest therein and of the record of its distributions to the defendant in order to make that determination.
Consequently, for all of the above reasons, the motion to strike is denied.
MARGARET C. DRISCOLL STATE TRIAL REFEREE